<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

FRANKLIN JACK BURR, II,        :
                              :
            Petitioner,        :     Civil No. 05-3894 (DMC)
                              :
        v.                    :     **OPINION**
                              :
LYDELL SHERRER, Warden,        :
et al.,                       :
                              :
            Respondents.       :

**APPEARANCES:**

Petitioner <u>pro se</u>
Franklin Jack Burr, II
000682243C
Northern State Prison
168 Frontage Road
P.O. Box 598
Newark, NJ 07114

**CAVANAUGH,** District Judge

    Petitioner Franklin Jack Burr, II, a prisoner currently
confined at Northern State Prison in Newark, New Jersey, has
submitted a petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2254.  The respondents are Northern State Prison Warden
Lydell Sherrer and the Attorney General of the State of New
Jersey.

I.   BACKGROUND

This statement of background facts is taken from the Petition and is accepted as true for purposes of this Opinion and accompanying Order.

Petitioner was convicted pursuant to a jury trial of Sexual Assault in the second degree, in violation of N.J.S.A. 2C:14-2, and Endangering the Welfare of a Child in the third degree, in violation of N.J.S.A. 2C:24-4.  He was sentenced on April 22, 2005, to a term of imprisonment of six years and is currently incarcerated pursuant to that conviction and sentence.

Petitioner contends that his current confinement is unconstitutional, and he seeks release, on the following grounds: (1) the conviction was obtained in violation of numerous constitutional rights,[1] (2) the trial court's refusal to admit him to bail pending appeal was unreasonable, and (3) he has been subjected to cruel and unusual punishment at Northern State Prison, as evidenced by a guard's assault and threats against him on June 29, 2005.

With respect to Petitioner's claim that he is entitled to bail pending appeal, Petitioner attaches to his Petition a letter

---

[1] Petitioner alleges numerous violations of his constitutional rights in connection with his conviction, including violation of his right to speedy trial, violation of his right to a fair trial, violation of his right to effective assistance of counsel, violation of his right of confrontation, etc.

2

from his counsel, dated July 21, 2005, advising him that the
Superior Court of New Jersey, Appellate Division, denied
Petitioner's motion to admit him to bail pending appeal, and
advising against appealing to the New Jersey Supreme Court,
because the chances of success are so negligible.[2]  With respect
to the claim that the conviction was obtained in violation of his
constitutional rights, Petitioner does not describe in the
Petition, or attach any documents suggesting, any pursuit of his
state court direct appeal or post-conviction relief remedies.
Petitioner alleges, instead, that there is no exhaustion
requirements, or that he has exhausted his state remedies, or
that no state remedies exist.

II.  ANALYSIS

As amended by the Antiterrorism and Effective Death penalty
Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent
part:

> (a) The Supreme Court, a Justice thereof, a circuit
> judge, or a district court shall entertain an
> application for a writ of habeas corpus in behalf of a
> person in custody pursuant to the judgment of a State
> court only on the ground that he is in custody in
> violation of the Constitution or laws or treaties of
> the United States.

---

[2] Petitioner also attaches an Order of the New Jersey
Supreme Court, dated February 28, 2005, denying his motion for
reinstatement of bail prior to his sentencing.  This Order, which
addressed Petitioner's earlier motion for bail pending
sentencing, does not establish that he has exhausted his claim
for bail pending appeal.

A.   The Eighth Amendment Claim

Petitioner contends that he is entitled to release because he has been subjected to cruel and unusual punishment while incarcerated.

By this claim, Petitioner does not challenge the legality of his confinement, but rather the conditions of his confinement. Release is not a proper remedy for unconstitutional conditions of confinement.  See, e.g., Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005) and cases cited therein.  Instead, the proper remedies for unconstitutional conditions of confinement are monetary damages and/or injunctive relief.  Id.

It is not appropriate for this Court to construe this claim as a claim pursuant to 42 U.S.C. § 1983.  Petitioner has neither paid the civil action filing fee of $250 nor applied for leave to proceed in forma pauperis.  Indeed, as there are significant financial and other consequences to a prisoner proceeding with a civil rights claim in forma pauperis, see 28 U.S.C. § 1915(b) (payment of the filing fee) and (g) (three-strikes provision), it would not be appropriate for this Court sua sponte to convert this action to a civil rights action even if Petitioner had sought leave to proceed with his habeas action in forma pauperis. Moreover, it is not apparent that the Respondent in the habeas action would be the appropriate defendant in a civil rights action.  The events complained of occurred so recently that it

4

does not appear that any statute of limitations issues would
arise from dismissal at this time.  Accordingly, this claim will
be dismissed without prejudice.

B.    Exhaustion of State Court Remedies

       A state prisoner applying for a writ of habeas corpus in
federal court must first "exhaust[] the remedies available in the
courts of the State," unless "there is an absence of available
State corrective process[] or ... circumstances exist that render
such process ineffective ... ."  28 U.S.C. § 2254(b)(1).  See
also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v.
Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532
U.S. 919 (2001) (finding that "Supreme Court precedent and the
AEDPA mandate that prior to determining the merits of [a]
petition, [a court] must consider whether [petitioner] is
required to present [his or her] unexhausted claims to the
[state's] courts").

       A petitioner exhausts state remedies by presenting his
federal constitutional claims to each level of the state courts
empowered to hear those claims, either on direct appeal or in
collateral post-conviction proceedings.  See, e.g., O'Sullivan v.
Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners
[in order to fully exhaust their claims] to file petitions for
discretionary review when that review is part of the ordinary
appellate review procedure in the State"); Lambert v. Blackwell,

134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state
court is not required if the petitioner's claim has been
considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant
shall not be deemed to have exhausted the remedies available in
the courts of the State, within the meaning of this section, if
he has the right under the law of the State to raise, by any
available procedure, the question presented.")  Once a
petitioner's federal claims have been fairly presented to the
state's highest court, the exhaustion requirement is satisfied.
Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor,
404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts
establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d
Cir. 1993).  This means that the claims heard by the state courts
must be the "substantial equivalent" of the claims asserted in
the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance
on the same constitutional provision is not sufficient; the legal
theory and factual basis must also be the same.  Id. at 277.

Addressing Petitioner's allegation that there are no
remedies available in state court, the Court notes that
Petitioner appealed his request for bail pending sentencing to
the Supreme Court of New Jersey and that the letter from counsel
specifically addresses the likelihood of success on appeal to the
Supreme Court of New Jersey with respect to the claim for bail

6

pending appeal (of the conviction, itself). Moreover, New Jersey
Court Rule 2:9-4 (Bail After Conviction) specifically notes that
bail may be allowed by the Supreme Court if denied by the lower
courts.  Accordingly, it is clear that New Jersey law provides
for a remedy by the Supreme Court of New Jersey on the claim for
bail pending appeal of the conviction.

     In addition, New Jersey law provides for both direct appeal
of a criminal conviction, see, e.g., New Jersey Court Rules Part
II (Rules Governing Appellate Practice), Rule 2:2-3 (Appeals to
the Appellate Division from Final Judgments, Decisions, Actions
and from Rules; Tax Court), and for collateral post-conviction
relief, see, New Jersey Court Rule 3:22 (Post-Conviction Relief).

     Instead, it appears that Petitioner has simply failed to
exhaust his state court remedies.  Petitioner has failed to
present any facts suggesting exhaustion of his claim for bail
pending appeal or of his claims regarding the conviction itself.
To the contrary, with respect to the bail claim, Petitioner
attaches a letter from his counsel, dated July 2005, recommending
against appeal to the Supreme Court of New Jersey.  Petitioner
provides no information of later date on the bail claim.  With
respect to the claims regarding the conviction, itself,
Petitioner indicates that he has grounds for appeal in the state
court, such grounds being a basis for his request for bail
pending appeal, but he was sentenced only in April of this year

and he provides no information regarding direct appeal or motions for post-conviction relief.

Accordingly, Petitioner will be ordered to show cause why the remaining claims asserted in the Petition should not be dismissed for failure to exhaust state remedies.

C.   The Claim for Bail Pending Appeal

Petitioner contends that he should be granted bail pursuant to New Jersey Court Rule 2:9-4, but he fails to articulate any error in the state courts' treatment of his request.

It is well-established that the violation of a right created by state law is not cognizable as a basis for federal habeas relief.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 680 (1990))).  Accordingly, to the extent Petitioner relies directly upon an error of the state courts in applying Rule 2:9-4, he is not entitled to relief in this Court.

Moreover, bail after conviction is not constitutionally guaranteed.  See Finetti v. Harris, 609 F.2d 594, 597 (2d Cir. 1979) ("there is no absolute federal constitutional right to bail pending appeal after a conviction in the state courts") (cited with approval in Landano v. Rafferty, 970 F.2d 1230, 1240 (3d Cir. 1992)(dicta) and Marks v. Zelinski, 604 F.Supp. 1211, 1213 (D.N.J. 1985)).  See also Young v. Hubbard, 673 F.2d 132 (5th

8

Cir. 1982).  Nevertheless, "once a state makes provision for such bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably."  <u>Finetti</u>, 609 F.2d at 599.

In reviewing state court proceedings denying bail, "considerations of federal-state comity require that federal courts ... must presume regularity on the part of the state courts and ... denial of bail without a statement of reasons is not arbitrary per se."  <u>Id.</u>  Instead, "the defendant bears the burden of showing that there is no rational basis in the record for the denial of bail."  <u>Id.</u> at 601.

As Petitioner has failed to set forth any allegation that the state courts acted "arbitrarily or unreasonably" in denying post-conviction bail, or any facts that would support such an allegation, he will be ordered to show cause, to the extent the bail claim is exhausted, why it should not be dismissed with prejudice for failure to allege a constitutional or statutory violation cognizable in a § 2254 proceeding.

III.   <u>CONCLUSION</u>

For the reasons set forth above, the Eighth Amendment claim
will be dismissed without prejudice and Petitioner will be
ordered to show cause why the remaining claims in the Petition
should not be dismissed.   An appropriate order follows.


Dennis M. Cavanaugh
United States District Judge

Dated: 8/18/05

10